# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4934 | **DATE** | 1/28/2004 |
| **CASE TITLE** | Catalan vs. Schiele Graphics, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing is set for **2/25/04** at **9:30AM**.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Schiele Graphics' motion to dismiss [5-1] is granted in part and denied in part. Defendant John Kontek's motion to dismiss [4-1] is granted in part and denied in part. Status set for Wednesday February 25, 2004 at 9:30 AM.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | **JAN 29 2004** | |
| ✓ | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 10 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RJ/KB courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

JOSEPHINE CATALAN,  )
                    )
           Plaintiff, ) Case No. 03-C-4934
                    )
v.                  )
                    )
SCHIELE GRAPHICS, JOHN KONTEK, and ) Judge Joan B. Gottschall
SAM PUGLISI,        )
                    )
           Defendants. )

JAN 2 9 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Josephine Catalan has brought this action against her former employer, Schiele Graphics ("Schiele"), and two of her supervisors, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, Intentional Infliction of Emotional Distress ("IIED"), and Battery. Defendants Schiele and John Kontek have moved to dismiss parts of Catalan's Complaint. For the reasons stated below, defendants' respective motions to dismiss are each granted in part and denied in part. Count I of Catalan's Complaint (Sexual Harassment) is dismissed as to defendants Kontek and Puglisi, and Count II (Retaliation) is dismissed as to all defendants. Defendants' respective motions to dismiss Count III (IIED) are denied.

### BACKGROUND

At all times relevant to her claims, plaintiff Josephine Catalan was employed as a maintenance worker for defendant Schiele. Catalan alleges that during her employment she was sexually harassed by her supervisors and that her employment was terminated when she complained of the harassment to Schiele's president.

-1-

/ 0

Specifically, Catalan alleges that, during the first year of her employment, her supervisor, John Kontek, repeatedly directed sexually offensive remarks at her "while leering at her body," and arranged private meetings with Catalan during which he attempted to discuss sexually explicit topics with her. Catalan claims that when she rejected Kontek's advances, Kontek forced her to take on additional tasks at Schiele's bindery without additional pay.

Catalan alleges that the harassment continued under Kontek's replacement, defendant Sam Puglisi. Catalan alleges that Puglisi continually asked Catalan if she "wanted to sit on his lap," and that he frequently pinched her breasts and snapped her bra strap. When Catalan confronted Puglisi regarding his conduct, Puglisi continued to assign her tasks beyond her normally assigned duties and warned her that she would lose her job if she complained.

Catalan claims that she repeatedly complained to Schiele's president regarding Kontek's and Puglisi's conduct. She alleges that Schiele did nothing to remedy the harassment and refused to compensate her for her additional duties. Catalan further alleges that on December 13, 2001, shortly after she complained of Puglisi's conduct, Schiele terminated her employment.

On August 13, 2002, Catalan filed a gender discrimination charge with the Equal Employment Opportunity Commission. The factual narration in her EEOC charge details her allegations of sex discrimination but makes no express mention of retaliation by Schiele. In filling out the EEOC charge form, Catalan checked the box indicating a charge of "Sex" discrimination but did not check the available "Retaliation" box. The EEOC issued a right to sue letter to Catalan on April 29, 2003.

Catalan has brought four claims based on the allegations in her Complaint: Sexual Harassment in violation of Title VII against each defendant (Count I), Retaliation in violation of

-2-

Title VII against each defendant (Count II), Intentional Infliction of Emotional Distress against each defendant (Count III), and Battery against Puglisi (Count IV).

## ANALYSIS

### I. Catalan's Title VII Claims Against Kontek (Counts I and II).

Catalan concedes in her response that her former supervisor, Kontek, is not an "employer" within the meaning of Title VII. (Pl. Resp. at 2, n.1.) Since Title VII does not impose individual liability on an employer's agents, *Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995), the court finds that Catalan cannot state any facts which would enable her to recover under Title VII against her individual supervisors. Defendant Kontek's motion to dismiss Counts I and II of Catalan's Complaint is granted. Although defendant Puglisi has not appeared in this case, Catalan's Title VII claims against Puglisi are dismissed for the same reason.

### II. Catalan's Retaliation Claim Against Schiele (Count II).

Defendant Schiele argues that Count II of Catalan's Complaint (Retaliation) should be dismissed because the retaliation claim is beyond the scope of her August 13, 2002 EEOC charge.

Before filing suit under Title VII, a plaintiff must file an EEOC charge concerning the alleged misconduct in an attempt to resolve the dispute without litigation. *See Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1003 (7th Cir. 1994). A plaintiff may not litigate a Title VII claim if the allegations in litigation do not fall within the scope of the EEOC charge. *Id.* This rule serves two purposes. It affords an opportunity for the EEOC to settle the dispute between the employee and the employer and it provides the employer notice of the charges against it. *See Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985). A plaintiff may assert a claim not contained in the EEOC

charge only if the claim is "like or reasonably related" to the allegations of that charge. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976).

Catalan argues that, although she did not check the "Retaliation" box on the EEOC charge form, her retaliation claim is "reasonably related" to her August 13, 2002 EEOC discrimination charge and, therefore, should not be dismissed. Catalan correctly points out that claims under Title VII should not be automatically dismissed based solely on a plaintiff's failure to "check the right box." *See Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 259 (7th Cir. 1996). However, in this case, Catalan not only failed to check the box for retaliation on the EEOC charge form, she also failed to include any reference to retaliation in the description of her charge. "Retaliation" means "adverse consequence deliberately attached to the exercise of a right protected by law." Catalan's EEOC charge contains no allegation implying that she "exercised a right protected by law" – *e.g.* complained regarding her supervisors' conduct – or that she suffered an adverse consequence as a result.[1] Under similar circumstances, the Seventh Circuit has consistently held that retaliation claims and discrimination claims under Title VII are sufficiently dissimilar that – absent allegations in the charge that imply retaliation – an administrative charge of discrimination will not support a subsequent civil suit for retaliation. *E.g., O'Rourke v. Continental Cas. Co.*, 983 F.2d 94, 97 (7th Cir. 1993); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544-45 (7th Cir. 1988); *see also Angevine v. Watersaver Faucet Co.*, 02 C 8114, 2003 WL 22118927, *8-9 (N.D. Ill. Sept. 12, 2003).

Consequently, the court finds that Catalan's retaliation claim does not fall within the scope

---

[1] Catalan's allegation in her EEOC charge that other female employees were harassed and retaliated against is insufficient. Catalan does not allege in the charge that *she* complained to Schiele of harassment or that she was retaliated against as a result.

of her EEOC charge and, therefore, she cannot raise that claim in this litigation. Defendant Schiele's motion to dismiss Count II of Catalan's Complaint is granted.

## III. Catalan's Intentional Infliction of Emotional Distress Claims Against Defendants Schiele and Kontek (Count III).

Defendants Schiele and Kontek argue that Catalan's IIED claim (Count III) is preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS § 5/8-111(C).[2] Though defendants do not directly say so, the court interprets their motions as arguing for the dismissal of Catalan's claim for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Porter v. International Profit Assocs., Inc.*, 01 C 4427, 2003 WL 22956004, *1 (N.D. Ill. Dec. 11, 2003).

Defendants argue that Catalan's IIED claim is preempted because it arises from the same set of facts as her Title VII claims. The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS § 5/8-111(C). The IHRA preempts state law tort claims that are "inextricably linked" to a civil rights violation. *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 22 (Ill. 1997). However, the Supreme Court of Illinois has clarified that the proper inquiry in cases like this is "whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Id.* at 23. Under this approach, the IHRA will not preempt a tort action where the plaintiff alleges elements of a tort that exist separately from a cause of action under the IHRA, without referring to the legal duties created by the IHRA. *Id.*

---

[2] In its reply brief, defendant Schiele argues, for the first time, that Count III must be dismissed for the additional reason that Schiele cannot be held liable for its employees' intentional torts. This court will not address grounds for dismissal raised for the first time in a reply brief.

The court finds in this case that Catalan's IIED claim is not preempted because her tort action can exist separately from the legal duties created by the IHRA. Catalan claims that defendants committed IIED, acting in an extreme and outrageous manner with intent to cause her severe emotional harm. The duty not to intentionally and knowingly inflict severe emotional distress on another derives from the common law and exists quite separately from the statutory prohibitions of Title VII. The fact that Catalan's allegations of IIED might also constitute sexual harassment under state or local laws does not affect the viability of her tort claim for IIED. Under the facts of this case, the court finds that Catalan has alleged sufficient facts to plead a claim for IIED independent of the legal duties furnished by the IHRA.

Defendants' respective motions to dismiss Count III are denied.[3]

---

[3] As of this Order, there are no longer any federal claims pending against Kontek and Puglisi. However, the pendent state law claims relating to the individual defendants share a common nucleus of operative fact with Catalan's claims against Schiele. Therefore, for reasons of judicial efficiency, pendent party jurisdiction will be exercised with regard to Catalan's IIED claims against the individual defendants. *See, e.g., Bustos v. Illinois Inst. of Cosmetology, Inc.*, No. 93 C 5980, 1994 WL 710830, *5 (N.D. Ill. Dec. 15, 1994).

## CONCLUSION

For the foregoing reasons, defendants' respective motions to dismiss are each granted in part and denied in part. Count I of the Complaint is dismissed with prejudice as to defendants Kontek and Puglisi, and Count II of the Complaint is dismissed with prejudice as to all defendants.

ENTERED:

*[signature]*

DATE: January 28, 2004

JOAN B. GOTTSCHALL
United States District Judge